## DEMAND PROMISSORY NOTE

**July 5, 2020**

FOR VALUE RECEIVED, and subject to the terms and conditions set forth in this note (the "**Note**"), **EVOLUTION METALS CORP.** (the "**Borrower**"), hereby unconditionally promises to pay ON DEMAND to the order of **Marty Belz** (the "**Lender**"), in immediately available funds, at **5407 Shady Grove Terrace, Memphis, TN, 38120, USA** or such other location as the Lender shall designate in writing, **USD $200,000.00.** and to pay interest on the unpaid principal amount hereof at the rates and on the dates specified below.  The Borrower, in due course, agrees to pay and an additional **USD $550,000.00** to pay off the debt Guy Chartier owes the Lender.

The Borrower agrees to pay interest to the Lender on the unpaid principal amount of this Note from the date hereof at a rate per annum equal to 40% until the full and final repayment of the principal amount of the Note. Interest shall be calculated daily and payable monthly in arrears and on the date of any prepayment or repayment. Amounts of principal and interest that are past due under this Note shall bear interest at a rate of 50% per annum, payable on demand, from the date of such non-payment until paid in full.

The Borrower may prepay the principal amount of this Note in whole or in part at any time following the 30th day following the date hereof without premium or penalty by giving 2 business days notice to the Lender; *provided that* each prepayment shall be accompanied by payment of all accrued interest to the date of prepayment. If payment of all or any part of the principal amount of this Note is made prior to the 30th day following the date hereof, the Borrower shall pay, in addition to the principal amount of this Note, interest equal to the amount that would have accrued had this Note remained outstanding until the 30th day following the date hereof.

Notwithstanding that the Lender may demand repayment of all amounts outstanding under this Note at any time, this Note will mature and the unpaid principal amount of this Note and all interest accrued thereon shall become immediately due and payable without presentment, demand, protest or notice of any kind on the earlier of (i) the 90th day following the date of this Note, and (ii) the commencement by or against the Borrower of any bankruptcy, reorganization, arrangement, adjustment of debt, relief of debtors, dissolution, insolvency or liquidation or similar proceeding relating to the Borrower or its debts in any jurisdiction.

The books and records of the Lender shall constitute *prima facie* evidence of the amount of principal and interest outstanding under this Note from time to time.

In the event that any provision of this Note would oblige the Borrower to make any payment of interest or any other payment which is construed by a court of competent jurisdiction to be interest in an amount or calculated at a rate which would be prohibited by applicable law or would result in a receipt by the Lender of interest at a criminal rate (as such terms are construed under the *Criminal Code*), then notwithstanding such provision, such amount or rate shall be deemed to have been adjusted *nunc pro tunc* to the maximum amount or rate of interest, as the case may be, as would not be so prohibited by applicable law or so result in a receipt by the Lender of interest at a criminal rate, such adjustment to be effected, to the extent necessary as follows: (i) first, by reducing the amount or rate of interest required to be paid under this Note, and (ii) thereafter, by reducing any fees, commissions, premiums or other amounts required to be paid to the Lender which would constitute. If, notwithstanding the this paragraph and after giving effect to all adjustments contemplated hereby, the Lender shall have received an amount

in excess of the maximum permitted by applicable law, then such excess shall be applied by the Lender to the reduction of the principal balance of the outstanding principal hereunder and not to the payment of interest, or if such excessive interest exceeds such principal balance, such excess shall be refunded to the Borrower.

Any and all payments by or on account of any obligation of the Borrower hereunder shall be made free and clear of and without reduction or withholding for any taxes; provided that if the Borrower is required by applicable law to deduct or withhold any taxes from such payments, then: (i) the amount payable by the Borrower shall be increased so that after making all required deductions or withholdings (including deductions or withholdings applicable to additional amounts payable under this paragraph), the Lender receives an amount equal to the amount it would have received had no such deductions or withholdings been made; and (ii) the Borrower shall make such deductions, timely pay the full amount deducted to the relevant governmental authority in accordance with applicable law, and provide to the Lender official receipts or other evidence satisfactory to the Lender of each such payment.

The Borrower hereby waives demand and presentment for payment, notice of non-payment, protest and notice of protest of this Note. No failure on the part of the holder hereof to exercise, and no delay in exercising, any right, power or privilege hereunder shall operate as a waiver thereof or a consent thereto; nor shall a single or partial exercise of any such right, power or privilege preclude any other or further exercise thereof or the exercise of any other right, power or privilege. All payments under this Note shall be made without offset, counterclaim or deduction of any kind.

The Borrower may not assign this Note or any of its rights or obligations under this Note without the prior written consent of the Lender, which consent may be withheld in the sole discretion of such party. The Lender may assign this Note or any of its rights or obligations under this Note without the consent of the Borrower.

The Borrower, at its expense and at the Lender's request, shall sign (or cause to be signed) all further documents or do (or cause to be done) all further acts and provide all reasonable assurances as may reasonably be necessary or desirable to give effect to this Note.

This Note may only be amended by a written document signed by each of the parties.

If there is any inconsistency between the terms of this Note and those in any document entered into in connection with this Note, the terms of this Note will prevail.

The Borrower shall pay all costs (including legal fees) that it and the Lender, or its agents on its behalf, incur in connection with the drafting and negotiation of the transactions contemplated by this Note, and the execution and delivery of, and the perfection and enforcement of the Lender's interest under this Note, which will be paid immediately upon demand and form part of the indebtedness owing under this Note.

The Borrower acknowledges receipt of an executed copy of this Note.

The invalidity or unenforceability of any particular term of this Note will not affect or limit the validity or enforceability of the remaining terms.

No waiver of satisfaction of a condition or breach or non-performance of an obligation (including any default) under this Note is effective unless it is in writing and signed by the party granting the waiver. No waiver under this section will be deemed to extend to a subsequent occurrence, whether or not that occurrence is the same or similar to the original occurrence that was waived nor will it affect the exercise of any other rights or remedies under this Note. Any failure or delay in exercising any right or remedy

will not constitute, or be deemed to constitute, a waiver of that right or remedy. No single or partial exercise of any right or remedy will preclude any other or further exercise of any right or remedy.

This Note shall be governed by and construed in accordance with the laws of the State of Florida and the federal laws of United States applicable therein. The parties irrevocably attorn to the jurisdiction of the courts of State of Florida, which will have non-exclusive jurisdiction over any matter arising out of this Note.

IN WITNESS WHEREOF, the undersigned has executed this Note as of the date first written above.

**EVOLUTION METALS CORP.**, as Borrower

By: _____  July 6, 2020

Name: David Wilcox
Title: President / CEO

[ ] who is (are) personally known to me,
[X] who has produced FLDL as identification, and
who [ ] did [ ] did not take an oath.

Acknowledged (Signature)

Acknowledged (Printed)

KAREN G. BURGESS
Notary Public, State of Florida
Commission# GG 349135
My comm. expires July 23, 2023

3