## GUARANTEE AGREEMENT

This GUARANTEE AGREEMENT, dated as of the 5 day of July, 2020 ("Agreement"), is made by **DAVID WILCOX**, an individual **("Guarantor"),** whose address is 1451 N Lake Way, Palm Beach, Florida 33480 in favor of **MARTY BELZ ("Guaranteed Party"),** to induce Guaranteed Party to extend or to continue to extend financial accommodations to **EVOLUTION METALS CORP.,** a Florida corporation, and all of its successors-in-interest by operation of law or otherwise, including any Trustee (as defined in the Bankruptcy Code), and any successor-in-interest arising out of any merger or reorganization **(collectively "Debtor").**

1. **DEFINITIONS**.

All capitalized terms used herein and not defined below shall have the same meaning as that set forth in the Demand Promissory Note and Security Agreement dated on or about the date hereof (collectively "Loan Agreement").

1.1. "**Agreement**" - means this Guaranty Agreement and all permitted amendments hereto or renewals hereof.

1.2. "**Bankruptcy Code**" - means Title 11 of the United States Code.

1.3. "**Loan Documents**" shall mean, collectively, the Demand Promissory Note, the Security Agreement, the Guarantees and any other instruments and documents now or hereafter evidencing, securing or in any way related to the indebtedness evidenced by the Demand Promissory Note and any and all documents executed in connection therewith.

1.4. "**Guaranteed Obligations**" - means all obligations, indebtedness, and liabilities of Debtor of every kind and character owed to Guaranteed Party, including, but not limited to, those arising directly or indirectly out of or in connection with the Loan Documents, including such obligations, indebtedness, and liabilities arising under successive transactions renewing, increasing, extending, or continuing any of the foregoing, changing the interest rate or other terms thereof, or creating new or additional obligations, indebtedness, and liabilities after prior obligations, indebtedness, or liabilities have been in whole or in part satisfied, and further including all such obligations, indebtedness, and liabilities however arising, whether for principal, interest (including interest that, but for the filing of a petition under the Bankruptcy Code with respect to Debtor, would have accrued on any such obligations, indebtedness, or liabilities), letter of credit reimbursement obligations, fees, costs, expenses, premiums, charges, attorneys' fees, or indemnity obligations, whether heretofore, now, or hereafter made, incurred, or created, whether voluntarily or involuntarily, whether secured or unsecured (and if secured, regardless of the nature or extent of the security), whether or not now due, whether absolute or contingent, whether liquidated or unliquidated, whether determined or undetermined, whether Debtor may be liable individually or jointly with others, and whether made, incurred, or created before or after any entry of an order for relief with respect to Debtor in a case under the Bankruptcy Code.

## 2. GUARANTY.

2.1. **Promise to Pay and Perform**. Guarantor unconditionally and irrevocably guarantees to Guaranteed Party the prompt performance in full of the Guaranteed Obligations, whether or not the Guaranteed Obligations are found to be invalid, illegal or unenforceable.

2.2. **Continuing Guaranty**. This Agreement is a continuing guaranty and shall remain in full force and effect notwithstanding the fact that, at any particular time, no Guaranteed Obligations may be outstanding.

2.3. **Independent Obligation**. The obligations of Guarantor hereunder are direct and primary and are independent of the obligations of Debtor or any other guarantor, and a separate action may be brought against Guarantor irrespective of whether an action is brought against Debtor or any other such other guarantor. Guarantor's liability hereunder shall not be contingent upon the exercise or enforcement by Guaranteed Party of any remedies it may have against Debtor or any other guarantor or realization upon any collateral. Any release that may be given by Guaranteed Party to Debtor or any other guarantor shall not affect the liability of Guarantor hereunder. In the event that there are other parties providing guarantees of the Guaranteed Obligations to the Lender, all such guarantees shall be joint and several.

## 3. PAYMENTS.

3.1. **Nature and Application of Payments.** Guarantor shall make all payments hereunder in immediately available lawful money of the United States, without deduction or withholding (whether for taxes (whether income, excise, or otherwise) or offset). Without regard to the form in which received, Guaranteed Party may apply any payment with respect to the Guaranteed Obligations or any other amounts due hereunder in such order as Guaranteed Party shall in its sole and absolute discretion determine.

**3.2. Indefeasible Payment; Revival**. If any portion of any payment to Guaranteed Party is set aside and repaid by Guaranteed Party for any reason after being made by Guarantor, the amount so set aside shall be revived as a Guaranteed Obligation and Guarantor shall be liable for the full amount Guaranteed Party is required to repay plus all costs and expenses (including attorneys' fees, costs, and expenses) incurred by Guaranteed Party in connection therewith.

## 4. CERTAIN REPRESENTATIONS AND WARRANTIES OF GUARANTOR.

Guarantor represents and warrants as follows (which representations and warranties shall be true, correct, and complete at all times):

4.1. **Binding Effect**. This Agreement constitutes the legal, valid, and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency, or similar laws affecting the enforcement of creditors' rights generally or by equitable principles relating to enforceability.

4.2. **Changes Affecting the Guaranteed Obligations**. Guarantor has taken and is taking all steps in Guarantor's opinion necessary or appropriate to be informed on a continuing basis of changes or potential changes affecting the Guaranteed Obligations.

4.3. **Reliance by Guarantor; Financial Condition of Debtor**. This Agreement is not made by Guarantor in reliance on any representation or warranty, express or implied, by Guaranteed Party concerning the financial condition of Debtor, the nature, value, or extent of any security for the Guaranteed Obligations, or any other matter, and no promises have been made to Guarantor by any person, including, without limitation, Guaranteed Party, to induce Guarantor to enter into this Agreement.

4.4. **Accuracy and Completeness of Supplied Information; Full Disclosure**. All information herein is, and all information hereafter supplied to Guaranteed Party by or on behalf of Guarantor in connection herewith will be, accurate and complete in all material respects. None of the representations or warranties made by Guarantor herein as of the date such representations and warranties are made or deemed made, and none of the statements contained in each exhibit, report, statement, or certificate furnished by or on behalf of Guarantor in connection with any of the Loan Documents, contains any untrue statement of a material fact or omits any material fact required to be stated therein or necessary to make the statements made therein, in light of the circumstances under which they are made, not misleading as of the time when made or delivered.

4.5. **Adequate Consideration**. The consideration given or provided, or to be given or provided, by Guaranteed Party in connection with this Agreement is adequate and satisfactory in all respects, and represents reasonably equivalent value, to support this Agreement and Guarantor's obligations hereunder.

4.6. **Financial Reporting**. Guarantor agrees to provide the following to the Guaranteed Party:

1. Complete copy of federal tax returns, with all schedules, within ten (10) days of filing;
2. Personal financial statement, in form acceptable to Guaranteed Party, on an annual basis, on or before June 1 of each year.

5. **FINANCIAL CONDITION OF DEBTOR.** Guarantor shall keep informed of Debtor's financial condition, the status of any guarantors or of any security for the Guaranteed Obligations, and all other circumstances that bear upon the risk of nonpayment of the Guaranteed Obligations.

6. **CERTAIN ACKNOWLEDGEMENTS AND AGREEMENTS OF GUARANTOR.**

6.1. **Modifications to Loan Documents and Guaranteed Obligations.** Guarantor acknowledges and agrees that, without notice to Guarantor and without affecting or impairing the obligations of Guarantor hereunder, Guaranteed Party may, by action or inaction, compromise or settle, extend the period of duration or the time for the payment, or discharge the performance of, or may refuse to, or otherwise not enforce, or may, by action or inaction, release all or any one or more parties to, any one or more of the Loan Documents or otherwise with respect to the Guaranteed Obligations or may grant other indulgences to Debtor in respect thereof, or may amend or modify in any manner and at any time (or from time to time) any one or more of the Loan Documents or otherwise with respect to the Guaranteed Obligations, or may, by action or inaction,

release or substitute any guarantor, if any, of the Guaranteed Obligations, or may enforce, exchange, release, or waive, by action or inaction, any security for the Guaranteed Obligations or any guaranty of the Guaranteed Obligations, or any portion thereof.

6.2. **Subordination**. Guarantor agrees that any and all present and future indebtedness of Debtor owing to Guarantor is postponed in favor of and subordinated to indefeasible payment, in full, in cash, of the Guaranteed Obligations. In this regard, no payment of any kind whatsoever shall be made with respect to such indebtedness until the Guaranteed Obligations have been indefensibly paid in full. Any payment received by Guarantor in respect of such indebtedness shall be held by Guarantor as trustee for Guaranteed Party, and promptly paid over to Guaranteed Party on account of the Guaranteed Obligations but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Agreement. Upon request by Guaranteed Party, any notes or other instruments now or hereafter evidencing such indebtedness of Debtor to Guarantor, and any security therefor, shall be marked with a legend that the same are subject to this Agreement or shall be delivered to Guaranteed Party for safekeeping.

7. **AMENDMENTS, WAIVERS AND CONSENTS**. Neither this Agreement nor any provisions hereof may be changed, waived, discharged, or terminated, nor may any consent to the departure from the terms hereof be given, orally (even if supported by new consideration), but only by an instrument in writing signed by all parties to this Agreement. Any waiver or consent so given shall be effective only in the specific instance and for the specific purpose for which given.

8. **NO WAIVER; CUMULATIVE NATURE OF REMEDIES**. No failure to exercise and no delay in exercising any right, power, or remedy hereunder shall impair any right, power, or remedy which Guaranteed Party may have, nor shall any such delay be construed to be a waiver of any of such rights, powers, or remedies, or any acquiescence in any breach or default hereunder; nor shall any waiver by Guaranteed Party of any breach or default by Guarantor hereunder be deemed a waiver of any default or breach subsequently occurring. All rights and remedies granted to Guaranteed Party hereunder shall remain in full force and effect notwithstanding any single or partial exercise of, or any discontinuance of action begun to enforce, any such right or remedy. The rights and remedies specified herein are cumulative and not exclusive of each other or of any rights or remedies which Guaranteed Party would otherwise have. Any waiver, permit, consent, or approval by Guaranteed Party of any breach or default hereunder must be in writing and shall be effective only to the extent set forth in such writing and only as to that specific instance.

9. **COSTS AND EXPENSES**. Guarantor agrees to reimburse Guaranteed Party on demand for:

9.1. The actual costs, including photocopying (which, if performed by Guaranteed Party's employees, shall be at the rate of $.20/page), travel, and attorneys' fees and expenses incurred in complying with any subpoena or other legal process attendant to any litigation in which Guarantor is a party; and

9.2. The actual amount of all costs and expenses, including attorneys' fees, which Guaranteed Party may incur in enforcing this Agreement and any documents prepared in connection herewith, or in connection with any federal or state insolvency proceeding commenced by or against Guarantor, including those (i) arising out the automatic stay, (ii) seeking dismissal

or conversion of the bankruptcy proceeding, or (ii) opposing confirmation of Guarantor's plan thereunder.

10. **SUCCESSORS AND ASSIGNS**. This Agreement shall be binding upon and inure to the benefit of any assignee of the Guaranteed Obligations or the Loan Documents.

11. **AMBIGUITIES**. This Agreement and all agreements relating to the subject matter hereof is the product of negotiation and preparation by and among each party and its respective attorneys, and shall be construed accordingly.

12. **SEVERABILITY**. In the event any one or more of the provisions contained in this Agreement is held to be invalid, illegal, or unenforceable in any respect, then such provision shall be ineffective only to the extent of such prohibition or invalidity, and the validity, legality, and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

13. **ENTIRE AGREEMENT**. This Agreement supersedes all other agreements and understandings between the parties hereto, verbal or written, express or implied, relating to the subject matter hereof. No promises of any kind have been made by Guaranteed Party or any third party to induce Guarantor to execute this Agreement. No course of dealing, course of performance or trade usage, and no parole evidence of any nature, shall be used to supplement or modify any terms of this Agreement.

14. **CERTAIN WAIVERS BY GUARANTOR**. **GUARANTOR MAKES THE FOLLOWING WAIVERS WITH FULL KNOWLEDGE AND UNDERSTANDING THAT SUCH WAIVERS, IF NOT SO MADE, MIGHT OTHERWISE RESULT IN GUARANTOR BEING ABLE TO AVOID OR LIMIT GUARANTOR'S LIABILITY HEREUNDER EITHER IN WHOLE OR IN PART:**

14.1. All suretyship defenses.

14.2. Revocation.

14.2.1. Guarantor waives any right to revoke Guarantor's Guaranteed Obligation hereunder as to future Guaranteed Obligations. Guarantor fully realizes and understands that, upon execution of this agreement, guarantor will not have any right to revoke this Guaranty as to any future indebtedness and, thus, may have no control over Guarantor's ultimate responsibility for the guaranteed obligations.

14.2.2. If, contrary to the express intent of this agreement, any such revocation is effective notwithstanding the foregoing waiver, Guarantor agrees that: (a) no such revocation shall be effective until thirty days after written notice thereof has been received by Guaranteed Party; (b) such revocation shall not apply to any Guaranteed Obligations in existence on such date (including any subsequent continuation, extension, or renewal thereof, (c) no such revocation shall apply to any Guaranteed Obligations created after such date to the extent made or created pursuant to a commitment of Guaranteed Party which is, or is believed in good faith by Guaranteed Party to be, in existence on the date of such revocation; (d) no payment by any other guarantor or Debtor, or from any other source, prior to the date of such revocation shall reduce the obligations of

Guarantor hereunder; and (e) any payment by Debtor or from any source other than Guarantor, subsequent to the date of such revocation, shall first be applied to that portion of the Guaranteed Obligations, if any, as to which the revocation by Guarantor is effective (and which are not, therefore Guaranteed Obligations),and, to the extent so applied, shall not reduce the obligations of Guarantor hereunder.

14.3. Guarantor waives any defense arising by reason of any disability or other defense (other than the defense that the Guaranteed Obligations have been fully performed) of Debtor, including those arising from or as a result of: (a) any statute of limitations; (b) any lack of power or authority of Debtor; or (c) any claim of fraudulent transfer or preference.

14.4. Guarantor waives notice of acceptance of this Guaranty and waives presentment, demand for payment, protest, notice of dishonor or nonpayment of any Guaranteed Obligations, and any suit or the taking of other action by Guaranteed Party against and any other notice to any party liable thereon (including the Guarantor).

15. **GOVERNING LAW**. This Agreement, and the construction, interpretation, and enforcement hereof, and the rights of Guarantor and Guaranteed Party hereto and hereunder shall be determined under, governed by, and construed in accordance with the laws of the state of Florida, United State of America, excluding those laws relating to the resolution of conflicts between laws of different jurisdictions.

16. **JURISDICTION AND VENUE** The parties agree that any suit, action or proceeding arising out of the subject matter hereof, or the interpretation, performance or breach of this Agreement, shall, if Guaranteed Party so elects, be instituted in any court sitting in State of Florida, or in any such jurisdiction as the Guaranteed Party shall elect (the "Acceptable Forums"). Each party agrees that the Acceptable Forums are convenient to it, and each party irrevocably submits to the jurisdiction of the Acceptable Forums, irrevocably agrees to be bound by any judgment rendered thereby in connection with this Agreement, and waives any and all objections to jurisdiction or venue that it may have under the laws of the State of Florida or otherwise in those courts in any such suit, action or proceeding. Should such proceeding be initiated in any other forum, Debtor waives any right to oppose any motion or application made by Guaranteed Party as a consequence of such proceeding having been commenced in a forum other than an Acceptable Forum.

17.17.

18. **WAIVER OF TRIAL BY JURY**. IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, THE PARTIES HERETO WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION (a) ARISING HEREUNDER, OR (b) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND EACH PARTY FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION, OR CAUSE OF ACTION

SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR GUARANTEED PARTY TO ENTER INTO THE TRANSACTION GUARANTEED HEREIN.

DATED: July 6, 2020

_____
DAVID WILCOX

David Wilcox, President
Evolution Metals Corp.
516 S Dixie Hwy 209
West Palm Beach, FL 33401